IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRITNEY B. GULLEY, #01601283, | ) | |
|        Petitioner, | ) | |
| vs. | ) | No. 3:18-CV-2285-S  (BH) |
| | ) | |
| LORIE DAVIS, Director, | ) | |
| Texas Department of Criminal | ) | |
| Justice, Correctional Institutions Division, | ) | |
|        Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

In this habeas corpus action under 28 U.S.C. § 2254, the petitioner challenges her 2009 state convictions for murder and aggravated assault on grounds of newly discovered evidence.  Based on the relevant findings and applicable law, the petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

## I.  BACKGROUND

Britney B. Gulley (Petitioner), an inmate in the Texas Department of Criminal Justice (TDCJ), filed an amended petition for writ of habeas corpus under 28 U.S.C. § 2254, received on September 12, 2018 (doc. 12), in which she challenges her convictions in Cause Nos. F08-62076, F08-62249, and F08-62250 in Criminal District Court No. 7 of Dallas County, Texas.[2]  The respondent is Lorie Davis, Director of the Texas Department of Criminal Justice (TDCJ).

On September 21, 2009, Petitioner was convicted of murder and sentenced to 60 years' imprisonment in Nos. F08-62076 and F08-62249, and she was convicted of aggravated assault and sentenced to 20 years' imprisonment in No. F08-62250.  (*See* doc. 12 at 2); *see also*

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Petitioner filed two other § 2254 petitions that were opened as case Nos. 3:18-CV-2286-S and 3:18-CV-2296-S, both of which were consolidated into this case.  (*See* doc. 5; No. 3:18-CV-2296-S, doc. 6.)

https://offender.tdcj.texas.gov/offendersearch (search for petitioner).  She did not appeal.  (*See* doc. 12 at 3); *see* www.txcourts.gov (search for petitioner).  She filed a state habeas application in each case that was received in the state district court on September 27, 2018, and all three are currently still pending in the state district court.  *See* www.dallascounty.org (search for petitioner).  They have not been ruled on by the Texas Court of Criminal Appeals.  *See* www.txcourts.gov (search for petitioner).

Petitioner contends that she was recently notified by the Texas Forensic Science Commission that a firearm was misidentified as having fired bullets recovered from the victim.  She also contends that the evidence was faulty, counsel was ineffective, her plea was involuntary, and evidence was illegally seized.  (*See* doc. 12 at 6-7.)

## II. EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present the claim to the Texas Court of Criminal Appeals in a petition for discretionary review (PDR) or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.

A federal district court may raise the lack of exhaustion *sua sponte*.  *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997).  It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief.  *See Rose v. Lundy*, 455 U.S. 509, 510 (1982).  As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court.  *Picard*

*v. Connor*, 404 U.S. 270, 275 (1971).

Here, Petitioner's state habeas petitions are currently pending in the state district court, and the Court of Criminal Appeals has not yet reviewed her claims. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is not entitled to habeas corpus relief for failure to exhaust her state remedies.

### III. RECOMMENDATION

The habeas corpus petition should be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED on this 15th day of October, 2018.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3